```
RANDY S. GROSSMAN
United States Attorney
JENNIFER L. LUCE
Special Assistant United States Attorney
Colorado Bar No. 41128
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9619

Attorneys for Plaintiff
United States of America
```

FILED
APR 06 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY LYNN RUMLEY,<br><br>    Defendant. | Case No. 23CR216-JLS<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Jennifer L. Luce, Special Assistant United States Attorney, and defendant TRACY LYNN RUMLEY, with the advice and consent of Marc Levinson, counsel for defendant, as follows:

//
//
//
//
//
//
//

Def. Initials
TLL 3/9/23

I

THE PLEA

A.   THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a three-Count Superseding Information charging defendant with:

Count 1

On or about November 12, 2022, within the Southern District of California, defendant, TRACY LYNN RUMLEY, stole, purloined, embezzled and obtained by false pretense the keys to a lock box, lock drawer, and other authorized receptacle for the deposit and delivery of mail matter, and knowingly possessed such mail key with the intent unlawfully and improperly to use the same; in violation of Title 18, United States Code, Section 1704.

Count 2

From on or about December 13, 2022, to on or about December 17, 2022, within the Southern District of California, defendant TRACY LYNN RUMLEY, stole and took from and out of a letter box, mail receptacles, and other authorized depository for mail matter, letters, postal cards, packages, bags, and mail and removed from such letters, packages, bags, and mail any article or thing contained therein with the intent to temporarily or permanently deprive the owner of its use and benefit; in violation of Title 18, United States Code, Section 1708.

Count 3

From on or about November 1, 2020 to on or about December 12, 2022, within the Southern District of California, defendant TRACY LYNN RUMLEY, while being an employee of the United States Postal Service, unlawfully embezzled letters, postal cards, packages, bags, and mail, and any article and thing contained therein entrusted to her and which came into her possession which was intended to be conveyed by mail, and stole, abstracted and removed from such letters, packages, bags, and mail any article or thing contained therein; in violation of Title 18, United States Code, Section 1709.

//
//

2

Def. Initials
23CR216-JLS

B. <u>PRESERVATION OF EVIDENCE</u>

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

   a. Any cellular device(s);

   b. Any Computer(s);

   c. Any surveillance system(s); and

   d. Documents

C. <u>FORFEITURE</u>

Defendant further agrees to the criminal/administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The properties to be forfeited includes, but is not limited to, all cellphone(s), computer(s), and surveillance system(s) seized from Defendant's residence. Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

//

## II

## NATURE OF THE OFFENSE

A. **ELEMENTS EXPLAINED**

Defendant understands that the offenses to which defendant is pleading guilty have the following elements:

### Count 1

1. Defendant knowingly and unlawfully possessed the keys to a lock box, lock drawer, and other authorized receptacle for the deposit and delivery of mail matter; and

2. Defendant had the intent to unlawfully or improperly use the keys or to cause the keys to be used.

### Count 2

1. There was a letter, a postal card, a package, a bag, and mail in a letter box, a mail receptacle, and other authorized depository for mail matter;

2. Defendant took the letter, postal card, package, bag, and mail from the letter box, private mailbox, mail receptacle and other authorized depository for mail matter; and

3. At the time the defendant took the letter, postal card, package, bag, and mail, the defendant intended to deprive the owner, temporarily or permanently, of its use and benefit.

### Count 3

1. While working as a Postal Service employee, the defendant came into possession of the mail;

2. The mail was intended to be conveyed by mail; and

3. The defendant stole the mail.

//
//

4

Def. Initials ___

23CR216-JLS

B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

Count 1

1. Defendant was a United States Postal Service letter carrier at the Santee, California Post Office from September 2014 until December 12, 2022. Defendant was placed on administrative leave on November 12, 2022, pending her final termination.

2. Defendant had in her possession on November 22, 2022, two keys, one key with serial #D162-10005 and an Arrow key with serial #4524. These keys belonged to the Santee Post Office and were used to access a lock box, lock drawer, and other authorized receptacle.

3. Defendant knew that the keys belonged to the Santee Post Office and that she was required to return them at the end of each shift. Defendant also knew she was not authorized to keep the keys once she was placed on administrative leave pending her final termination. Defendant knowingly kept the keys in her possession when she was no longer authorized to have them.

4. Defendant intentionally used these keys to access multiple mail receptacles after she was no longer working at the Santee Post Office.

Count 2

1. Using the keys described above, that Defendant unlawfully and intentionally possessed, Defendant took mail from various mailboxes in the Santee area from December 13, 2022 to December 17, 2022. During this time, Defendant was no longer employed by the United States Postal Service.

2. Defendant accessed these locked mailboxes and took letters, postal cards, packages, bags, and mail from

5

Def. Initials ⎯⎯

23CR216-JLS

mailboxes belonging to residents in the Santee area in the middle of the night.

3. Defendant took the letters, postal cards, packages, bags, and mail from the mail receptacles to her residence in El Cajon, California.

4. Defendant had no intention of returning the letters, postal cards, packages, bags, and mail or its contents to its rightful owner. Instead, Defendant opened the letters, packages, bags, and mail and removed and used items she obtained from the mail, including two credit cards belonging to other individuals to purchase items at Kohl's and JC Penny as well as multiple gift cards.

Count 3

1. Defendant was employed by the United States Postal Service continuously from November 2020 until December 12, 2022.

2. While working as a United States Postal Service employee, Defendant had letters, postal cards, packages, bags, and mail, and other articles and things entrusted to her to deliver to intended recipients.

3. Defendant intentionally chose not to deliver the letters, postal cards, packages, bags, and mail, and articles and things to the intended recipients on multiple occasions. Instead, Defendant knowingly and intentionally took these items to her residence and never delivered them.

III

PENALTIES

Defendant understands that the crimes to which defendant is pleading guilty carries the following penalties:

COUNT 1

A. A maximum 10 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100.00 per count; and

6

Def. Initials

23CR216-JLS

D. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

COUNT 2

A. A maximum 5 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100.00 per count; and

D. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

Count 3

A. A maximum 5 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100.00 per count; and

D. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

//
//
//

7

Def. Initials _____

23CR216-JLS

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

Defendant understands that this guilty plea waives the right to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

//

8

Def. Initials _AR_
23CR216-JLS

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea;

D. Defendant is pleading guilty because defendant is guilty and for no other reason; and,

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

9

Def. Initials ____

23CR216-JLS

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a

10

Def. Initials
23CR216-JLS

prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

## X
## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

### COUNT 1

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2B1.1(a)(2)] | 6 |
| | Adjusted Offense Level | **6** |

### COUNT 2

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2B1.1(a)(2)] | 6 |
| 2. | 10 or more victims [§ 2B1.1(b)(2)(A)(i)] | +2 |
| | Adjusted Offense Level | **8** |

### COUNT 3

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2B1.1(a)(2)] | 6 |
| 2. | 10 or more victims [§ 2B1.1(b)(2)(A)(i)] | +2 |
| | Adjusted Offense Level | **8** |

11

Def. Initials _[signature]_
23CR216-JLS

|  |  |
|---|---|
| Combined Offense Level [§ 3D1.2(d)] | <u>8\*</u> |
| Abuse of Position of Trust [§3B1.3] | +2 |
| Acceptance of Responsibility [§ 3E1.1] | -2 |
| Resulting Offense Level | <u>8</u> |

\*The offenses (Counts 1-3) group because they are closely related under §3D1.2(d) resulting in a combined offense level under §3D1.3(b).

B.  <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C.  FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

//
//
//

12

Def. Initials
23CR216-JLS

D. <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The Government will recommend the greater of the low end of the advisory Guidelines range as calculated by the Government; 90 days in custody; or the time served in custody at the time of sentencing, whichever is greater. The Government will also recommend that each count of conviction will run concurrently with each of the other counts. The Parties will also jointly recommend 100 hours of community service.

G. <u>SPECIAL ASSESSMENT AND FINE</u>

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program,

Def. Initials
23CR216-JLS

likely would exceed the amounts that could reasonably be expected to be collected.

H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant agrees that she will not later seek to reduce or terminate early the term of supervised release until she has served at least 2/3 of her term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

XI

DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord

14

Def. Initials

23CR216-JLS

with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If at any time defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

XII

BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

15

Def. Initials
23CR216-JLS

      7.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United

States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//

## XVI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and her counsel did not advise her about what to say in this regard.

March 28, 2023
_____
DATED

3/28/2022
_____
DATED

RANDY S. GROSSMAN
United States Attorney

*Jennifer Luce*
JENNIFER L. LUCE
Special Assistant U.S. Attorney

*[signature]*
MARC LEVINSON
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

3/27/2023
_____
DATED

*[signature]*
TRACY LYNN RUMLEY
Defendant

18

Def. Initials *[TR]*
23CR216-JLS